■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY G. ANDERSON, Appellant. [615 NYS2d 1012] —Appeal from a judgment of the County Court of Albany County (Turner, Jr., J), rendered July 9, 1991, convicting defendant upon his plea of guilty of the crime of criminal possession of stolen property in the fourth degree.

Defendant contends on this appeal that he was denied his right to a speedy trial under CPL 30.20 and the US Constitution. Review of the factors considered in determining constitutional speedy trial issues lead us to conclude that defendant was not denied a speedy trial in this case. Although defendant was incarcerated for almost one year prior to his plea, part of this delay was caused by defendant's actions in twice substituting counsel. Further, defendant has shown no specific prejudice occasioned by this delay.

Cardona, P. J., White, Weiss, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GIDEON McDONALD, Appellant. [615 NYS2d 1012] —Appeal from a judgment of the County Court of Albany County (Keegan, J.), rendered January 2, 1992, convicting defendant upon his plea of guilty of the crime of manslaughter in the first degree.

Defendant's guilty plea, which included a valid waiver of his right to appeal, precludes him from raising any issues pertaining to an alleged violation of CPL 30.30. As to his claim that he was denied his constitutional right to a speedy trial, much of the delay in bringing defendant to trial was caused by defendant's motion practice and the replacement of defense counsel, with the remainder occasioned by court and calendar congestion. In addition, defendant has not identified any specific prejudice caused by the delay. Consequently, we find upon balancing the relevant factors that defendant was not denied his constitutional right to a speedy trial in this case.

Cardona, P. J., Mikoll, Crew III, White and Casey, JJ., concur. Ordered that the judgment is affirmed.